```
                       UNITED STATES DISTRICT COURT
                         DISTRICT OF CONNECTICUT

------------------------------x
                              :
ROBERT W. JOHNSON             :    Civ. No. 3:22CV00256(SALM)
                              :
v.                            :
                              :
DAVID E. POWELL, AUTEN CLAIMS :    February 17, 2022
MANAGEMENT, NEW YORK STATE    :
DIVISION OF HUMAN RIGHTS      :
                              :
------------------------------x
```

## INITIAL REVIEW ORDER

Self-represented plaintiff Robert W. Johnson ("plaintiff"), a resident of New York State, filed this action in the District of Connecticut on February 14, 2022. On that same date, he filed a motion to proceed in forma pauperis. See Doc. #2.

The Complaint names three defendants: David E. Powell, Auten Claims Management, and the New York State Division of Human Rights ("DHR"). See Doc. #1 at 1-2. The Complaint is submitted on a District of Connecticut complaint form. The "Nature of the Case" section states:

> Auten Claims committed insurance fraud, denial of liability, corporate claims and pro se corporation against Robert W. Johnson. David E. Powell and New York State Division of Human Rights denied Robert W. Johnson Due Process Rights for Auten Claims above-said violations against Robert W. Johnson.

Id. at 2. The "Cause of Action" section states, as to Count One: "Auten Claims Management breached insurance contracts with Robert W. Johnson." Id. at 3. As "supporting facts" plaintiff

1

states: "All correspondences and insurance claims contracts with Robert W. Johnson and Auten Claims Management." Id. As to Count Two plaintiff alleges: "David E. Powell and New York State Division of Human Rights denied Robert W. Johnson his Due Process Rights for Auten Claims Management violation[.]" Id. As "supporting facts" plaintiff states: "Case No. 10214733 for NYS Division of Human Rights." Id.

I. **Standard of Review**

When a plaintiff files a civil complaint in forma pauperis under 28 U.S.C. §1915, the Court reviews the complaint to determine whether it is sufficient to proceed to service of process. Section 1915 provides that "the court shall dismiss the case at any time if the court determines that" the case "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §1915(e)(2)(B)(ii).

Although detailed allegations are not required, a complaint must include sufficient facts to afford a defendant fair notice of the claims and demonstrate a right to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Rule 8 sets forth the general rules of pleading in federal court:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). The purpose of Rule 8 "is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

"[W]hile a pro se litigant's pleadings must be construed liberally, ... pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." Edwards v. I.N.S., 59 F.3d 5, 8 (2d Cir. 1995) (citations omitted). Furthermore, the rationale for affording special solicitude to self-represented litigants is diminished where a self-represented plaintiff has experience with litigation, as this plaintiff does.[1] See Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994) (concluding that sparse pleadings, typically sufficient to allow leave to amend for a self-represented plaintiff unfamiliar with the legal system, were insufficient for a repeat self-represented litigant). In such cases, "the

---

[1] Plaintiff is well versed in civil litigation, having filed more than 20 cases in this District, and well over 100 in other Districts.

deference usually granted to pro se plaintiffs need not be expansively drawn[.]" Johnson v. Eggersdorf, 8 F. App'x 140, 143 (2d Cir. 2001).

The Court is not only permitted, but required, to dismiss a pending action when the Court finds that it lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Where there is a lack of subject matter jurisdiction, dismissal is mandatory." Patterson v. Rodgers, 708 F. Supp. 2d 225, 233 (D. Conn. 2010).

**II. Discussion**

The Court finds the Complaint's allegations insufficient to support an exercise of subject matter jurisdiction. Furthermore, the Court is unable to ascertain any valid legal claim from the face of the Complaint, and cannot expect any defendant to answer the Complaint as written.

"A federal court is obligated to inquire into subject matter jurisdiction sua sponte at the earliest opportunity to determine whether such jurisdiction exists." Gonzalez v. Ocwen Home Loan Servicing, 74 F. Supp. 3d 504, 510 (D. Conn. 2015), aff'd sub nom. Gonzalez v. Deutsche Bank Nat. Tr. Co., 632 F. App'x 32 (2d Cir. 2016). "If the court determines at any time

that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A District Court has subject matter jurisdiction over (1) "all civil actions arising under the Constitution, laws, or treaties of the United States[,]" 28 U.S.C. §1331, and (2) civil actions between diverse parties "where the matter in controversy exceeds the sum or value of $75,000[.]" 28 U.S.C. §1332. "[T]he party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998).

For diversity jurisdiction to apply, the parties must be diverse and the amount in controversy must exceed $75,000. See 28 U.S.C. §1332. Plaintiff alleges that he and defendant Powell are both citizens of New York. See Doc. #1 at 1. Accordingly, the Court does not have diversity jurisdiction over this action.

The Complaint asserts that defendants "denied Robert W. Johnson Due Process Rights[.]" Id. at 2. However, this conclusory statement is insufficient to invoke federal question jurisdiction.[2] See, e.g., Book v. Mortg. Elec. Registration Sys., 608 F. Supp. 2d 277, 283 (D. Conn. 2009) ("[M]erely referencing"

---

[2] Plaintiff has written "440: Other Civil Rights & Federal Question[]" on the "jurisdiction" section of the Complaint. Doc. #1 at 2. This is insufficient to convey federal question jurisdiction.

a Constitutional provision "is not sufficient to confer subject matter jurisdiction."); Khanom v. Kerry, 37 F. Supp. 3d 567, 575, 575 n.7 (E.D.N.Y. 2014) (finding lack of federal question jurisdiction in spite of "conclusory allegation" of Constitutional violations). Accordingly, the Court does not have federal question jurisdiction over this action. See 28 U.S.C. §1331. To the extent plaintiff claims that a defendant "breached insurance contracts" with him, Doc. #1 at 3, such claims sound in state law and cannot support federal question jurisdiction. See Adames v. Taju, 80 F. Supp. 3d 465, 468 (E.D.N.Y. 2015).

Because the Court does not have subject matter jurisdiction over the Complaint, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "In the absence of subject matter jurisdiction, the Court need not decide whether the Complaint states any viable claims." Gonzalez, 74 F. Supp. 3d at 518. However, the Court notes that the Complaint also fails utterly to comply with Rule 8, and fails to state a claim upon which relief may be granted.

Even assuming, arguendo, that the Court had federal question jurisdiction, plaintiff's allegations would be insufficient to state a claim for violation of his rights under the Due Process Clause of the Fourteenth Amendment.

> Procedural due process requirements are generally satisfied by appropriate notice and an opportunity to be heard. See Natale v. Town of Ridgefield, 170 F.3d 258,

~ 6 ~

>   262 (2d Cir.1999). To state a due process violation, Plaintiff must first show a deprivation of a constitutionally protected property or liberty interest. White Plains Towing Corp. v. Patterson, 991 F.2d 1049, 1061-62 (2d Cir. 1993); Costello v. McEnery, 1994 WL 410885 *4 (S.D.N.Y. Aug. 3, 1994), aff'd, 57 F.3d 1064 (2d Cir. 1995). It is only when such a right is established that the court may turn to a discussion of whether there has been a deprivation of that right without due process.

Longo v. Suffolk Cty. Police Dep't Cty. of Suffolk, 429 F. Supp. 2d 553, 559 (E.D.N.Y. 2006). Plaintiff has not alleged that he was deprived of any constitutionally protected interest. Nor has he alleged any way in which the process received was insufficient. It appears that plaintiff is dissatisfied with the way in which DHR has handled a complaint he brought against Auten Claims Management. But dissatisfaction with the outcome of a process is not sufficient to support a claim that the process itself was defective. See, e.g., Belanger v. Blum, No. 3:08CV00584(VLB), 2010 WL 1286857, at *6 (D. Conn. Mar. 30, 2010) ("While the Plaintiffs note disagreement with the Defendants' October 18, 2007 policy decision, they do not provide any facts indicating that the past or any future decision-making process did or would violate due process."); Wooten v. U.S. Dep't of Health & Hum. Servs. - Off. of Civil Rights, No. 10CV03728(SAS), 2011 WL 536448, at *8 (S.D.N.Y. Feb. 15, 2011), aff'd sub nom. Wooten v. U.S. Dep't of Health & Hum. Servs., 478 F. App'x 708 (2d Cir. 2012) ("While plaintiff

plainly disagrees with the outcome of the investigations, this does not make it a constitutional violation.").

Thus, even if the Court had subject matter jurisdiction over this matter, it would be dismissed for failure to state a claim, and for failure to comply with Rule 8.

Accordingly, the Complaint [Doc. #1] is **DISMISSED, without prejudice**.

### III. Conclusion

For the foregoing reasons, the Complaint is **DISMISSED**.

The Clerk is directed to close this case.

If plaintiff wishes to attempt to state a claim upon which relief may be granted, he may file a motion to reopen the case, together with a proposed Amended Complaint, on or before **March 11, 2022**.

It is so ordered this 17th day of February, 2022, at New Haven, Connecticut.

                                     /s/
                                     SARAH A. L. MERRIAM
                                     UNITED STATES DISTRICT JUDGE